### RAMPY et ux. v. NANCE. (No. 3247.)

(Court of Civil Appeals of Texas. Texarkana. May 14, 1926. Rehearing Denied May 20, 1926.) ·

Appeal and error ⚙══➤1009(1).

In foreclosure suit, whether defendants when trust deed was executed intended to make land their homestead was for determination of trial judge, notwithstanding absence of directly contradicting testimony.

Appeal from District Court, Anderson County; Ben F. Dent, Judge.

Suit by Mrs. Sallie Word Nance, as executrix and sole devisee and legatee under will of William H. Nance, against J. H. Rampy and wife. Judgment for plaintiff, and defendants appeal. Affirmed.

This suit by appellee as "executrix and sole devisee and legatee under the last will and. testament of Wm. H. Nance, deceased," was to recover of appellants J. H. Rampy and his wife, Clora Rampy, the amount of a promissory note (less payments thereon acknowledged aggregating $739) executed by said appellants April 1, 1920, whereby they promised to pay said Wm. H. Nance $2,000, interest, and attorney's fees. Appellee also sought a fore-

closure of the lien of a deed dated said April 1, executed by the Rampys, conveying tracts of 50 and 92 acres, respectively, of the S. C. Gibson survey in Anderson county, and 114 acres of the T. L. Duncan survey in the same county, to a trustee to secure the payment of said note; and also the foreclosure of a lien she claimed on certain other notes held by her as further security for said $2,000 note. Among other things alleged in their answer to the suit, appellants set up that a described part of the land on which the foreclosure was sought was their homestead at the time the trust deed was executed. They charged that the trust deed was invalid as to that part, and was a cloud on their title which they were entitled to have removed. It appeared from the testimony heard at the trial that appellee Clora Rampy was appellee J. H. Rampy's second wife. His first wife died prior to 1918, leaving children of her marriage with him and her interest in a community estate between them, consisting in part of adjacent tracts of land together containing 700 or 800 acres, including the land in controversy, and including also about 257 acres of the Henry Rampy survey. For several years prior to the time they executed the trust deed appellants had resided upon said Henry Rampy survey, and they were residing on same at the time they executed said trust deed. They claimed, however, that in a verbal partition had between appellant J. H. Rampy and his children by his first wife two or three months before the trust deed was executed the land they were living upon was allotted to one of said children, and that said described part of the land in controversy was allotted to appellee J. H. Rampy. They further claimed that in that partition the dwelling house in which they were residing on said Henry Rampy survey and other improvements thereon were set apart to appellee J. H. Rampy, and that he and his wife, the other appellee, intended to move said dwelling house and other improvements to the land in controversy and use and occupy same as their homestead. The trial was to the court without a jury, and he found the facts with reference to appellants' contention to be as follows:

"I further find that on the date of the execution of said deed of trust the said J. H. Rampy and his present wife then lived upon and occupied for many years prior to April 1, 1920, a tract of land consisting of 200 acres on the Henry Rampy survey, and which constituted no part of the lands claimed in defendant's answer as their present homestead; that the residence in which they were living and in which J. H. Rampy with his former wife, now deceased, had lived for many years prior to her death, was situated upon said Henry Rampy tract, and which said land constituted and was at that time their homestead; that while a portion of the lands described in plaintiff's petition was in cultivation and in use by J. H. Rampy and his tenants, it constituted no part of the lands occupied by J. H. Rampy and wife on April 1, 1920, as their homestead. And I further find that on April 1, 1920, the said J. H. Rampy owned some 800 or 900 acres of land, as admitted by himself and counsel on the trial of this case, in the vicinity and adjoining the tracts of land described in plaintiff's petition, and which was the community property of himself and his wife by a former marriage; that while J. H. Rampy and wife testified that a verbal partition and division of said lands was agreed upon by them and the children of J. H. Rampy by a former marriage, and under which the homestead upon which they were living was to be awarded to one of their children prior to April 1, 1920, and that after said verbal agreement or partition was made it was their intention, formed in their own minds, to make the lands described in their answer their homestead, yet I find that on April 1, 1920, they were living upon and to all outward appearances still claiming the old homestead and continued to live thereon, their intention to dedicate the lands described in their answer to homestead purposes was not accompanied by any acts of preparation to invest the land with a homestead character, and did not act to give notice of their intention to make the lands described in their answer their homestead or of their intention to change their former homestead until the fall of 1920, at which time they moved or built a barn upon the lands now claimed in their answer as their homestead. And I further find that Wm. H. Nance at the time of the execution of said deed of trust had no notice of the claimed intention upon the part of J. H. Rampy and wife to make said lands their homestead, and that (they) made no preparation on the land or otherwise sufficient to give notice of such intention, if any they had. And I further find that on the date of the execution of said deed of trust, April 1, 1920, the lands described therein constituted no part of the homestead of J. H. Rampy and wife, Mrs. Clora Rampy."

The appeal is from a judgment in appellees' favor against appellant J. H. Rampy for the amount unpaid of the note sued upon, and in appellees' favor against both the appellants for a foreclosure of the lien of the trust deed on the land therein described.

W. R. Petty, of Palestine, for appellants.
W. C. Campbell, of Palestine, for appellee.

WILLSON, C. J. (after stating the facts as above). It appeared in the testimony that an undivided half of the 700 or 800 acres of land referred to in the statement above, including 257 acres of the Henry Rampy survey, belonged to appellant J. H. Rampy, and that the other half thereof belonged to his children by his first wife. The trial court found that said appellant and his first wife during many years before her death resided upon and used 200 acres of said Henry Rampy survey as their homestead, and that said appellant and his second wife at the time the trust deed was executed, and during many years before that time, resided upon and so used the 200 acres.

The finding is attacked only so far as it was that the 200 acres was appellants' home-

stead at the time they executed the trust deed. Appellants insist it appeared that the land in controversy, and not the 200 acres of the Henry Rampy survey, was then their homestead. The insistence is predicated on the testimony of appellants as witnesses that two or three months before the trust deed was executed appellant and his said children effected a verbal partition of the 700 or 800 acres of land above referred to, in which the land in controversy was set apart to appellant J. H. Rampy, and in which the part of the Henry Rampy survey appellants resided upon at the time they executed the trust deed was set apart to one of said children; and the further testimony of appellants that in said partition the dwelling house in which they then resided on said Henry Rampy survey was also set apart to appellant J. H. Rampy, and that appellants then formed the intention, never thereafterward abandoned, to move the dwelling house to the land in controversy and make same their homestead. Said land in controversy was about one mile from the part of the Henry Rampy survey appellants resided upon at the time they testified they formed such intention, and there was no testimony that appellants at the time they executed the trust deed had done anything whatever toward carrying out the intention they testified they had formed, nor was there any testimony that appellee's testate knew anything about such verbal partition, or that appellants entertained such an intention at the time he loaned them the money sued for and accepted the conveyance of the land in controversy as security for the repayment of the loan. It appeared from deeds made April 22, 1920, to evidence, it was claimed, the partition above referred to as having been verbally made before April 1, 1920, when the trust deed was executed, that 297½ acres of the 700 or 800 acres belonging to appellant J. H. Rampy and his children were set apart to the children, and that the remainder of the 700 or 800 acres was set apart to said appellant J. H. Rampy. There was no testimony showing anything about the land set apart to said appellant J. H. Rampy in the partition other than the 200 acres in controversy.

We will not undertake to determine whether, had it conclusively appeared that a verbal partition of the land was effected between appellant J. H. Rampy and his children by his first wife before appellants executed the trust deed, and that appellants when such partition was effected formed an intention to make the land in controversy their homestead, the judgment could be upheld or not, for we do not think it so appeared. It may be conceded there was no testimony directly contradicting that given by appellants, but the credibility of appellants as witnesses and the weight to be given their testimony were matters

for the trial court to determine, and we think he had a right to conclude that the partition of the land between appellant J. H. Rampy and his children by his first marriage was not effected until April 22, 1920, the date of the partition deeds, which was several weeks after the time when the trust deed was executed; or to conclude, if he thought such partition was effected before said trust deed was executed, that appellants never formed an intention to make the land in controversy their homestead until after the time when they executed said trust deed.

The judgment is affirmed.